# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-2176V

INDIRA SUKHRAJ,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: May 19, 2026

*John Beaulieu, Siri & Glimstad, LLP, Louisville, KY, for Petitioner.*

*Irene Angelica Firippis, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 27, 2023, Indira Sukhraj filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following a tetanus-diphtheria-acellular pertussis vaccine she received on July 7, 2022. Petition, ECF No. 1. On February 17, 2026, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 35.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,381.63 (representing $28,850.40 in fees plus $1,531.23 in costs). Petitioner's Motion for Attorneys' Fees and Costs ("Motion") filed March 2, 2026, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No.39-3 at 1.

Respondent reacted to the Fees Motion on March 16, 2026, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response to Motion (ECF No. 40). Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner has also, however, requested an increase to $450.00 as an hourly rate for 2026 work performed by attorney John Beaulieu - $90.00 more than the previous year. This rate requires adjustment.

Mr. Beaulieu is an attorney at Siri & Glimstad. While the firm is headquartered in New York, Mr. Beaulieu practices out of Louisville, KY—a city not deemed "in forum." *Dougherty v. Sec'y of Health & Hum. Servs*., No. 05-700V, 2011 WL 5357816, at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011). While the Program strives to award petitioner's counsel fair rates for their work, as consistent as possible with what similarly-situated attorneys receive (and in light of the nationwide jurisdiction exercised in the Program over Vaccine Act claims), the distinction between forum and non-forum rates remains a product of applicable Federal Circuit caselaw. An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "Davis" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). It thus controls the present circumstances.

In cases where the bulk of work on a Vaccine Act case is completed outside the District of Columbia, and there is a very significant difference between the forum and local hourly rate, local hourly rates are used to determine what an attorney should receive. I thus apply the hourly rate of $425.00 for work performed in 2026 (an increase of $65.00

2

from what Mr. Beaulieu received for 2025 work). **This results in a reduction of attorney fees of $150.00**.[3]

Petitioner has provided supporting documentation for all claimed costs. ECF No. 39-2 at 32-43. I find the requested costs to be reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $30,231.63 (representing $28,700.40 in fees plus $1,531.23 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount consists of reducing John Beaulieu's rate for 2026 from $450.00 to $425.00 and is calculated as follows: ($450.00 - $425.00 = $25.00 x 6.0 hrs.) = $150.00.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.